**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 99-4258

DAVID ELLIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-91-14-F)

Submitted: October 26, 1999

Decided: November 18, 1999

Before NIEMEYER, HAMILTON, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Ellis appeals from the district court's order granting partial relief on his motion filed pursuant to 28 U.S.C.A.§ 2255 (West Supp. 1999). Ellis' only claim on appeal--one that he did not raise in the district court--is that he should have received credit toward his federal sentence for the time he served on a related state conviction. Review, therefore, is only for plain error. See United States v. Olano, 507 U.S. 725 (1993).

In his first appeal of the denial of relief on his § 2255 motion, we remanded to the district court to address Ellis' claim that his attorney was ineffective for failing to object to his criminal history calculation. The district court found that, because the state convictions at issue were "related offenses" within the meaning of U.S. Sentencing Guidelines Manual, § 4A1.2 (1990), Ellis should not have received criminal history points for those convictions and that his attorney's failure to raise this challenge constituted ineffective assistance. The district court resentenced Ellis to 188 months.*

Ellis now claims that he should also have received credit for the eight months he spent in state custody for a conviction which was later determined to be a "related offense" to his federal conviction. See U.S.S.G. § 5G1.3(b), comment. (n.2).; see also United States v. Dorsey, 166 F.3d 558 (3d Cir. 1999) (holding that application note 2 requires, in such circumstances, that the defendant's federal sentence be credited with time spent on a state sentence for a related offense). We agree.

_____

*Ellis was originally sentenced to a term of 210 months imprisonment. In granting partial relief on his 28 U.S.C.A. § 2255 motion, the district court "corrected" his sentence to 180 months. Upon remand, Ellis was resentenced to 188 months.

2

Because Ellis raises this claim for the first time on appeal, however, review is only for plain error. See United States v. Olano, 507 U.S. 725 (1993). To reverse for plain error, this court must "(1) identify an error; (2) which is plain; (3) which affects substantial rights; and (4) which `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Moore, 11 F.3d 475, 481 (4th Cir. 1993) (quoting United States v. Olano, 507 U.S. at 732-36). The error here was plain because it was"clear under current law." United States v. Ford, 88 F.3d 1350, 1356 (4th Cir. 1996). And, sentencing a defendant to a period of incarceration in excess of the time he should otherwise serve affects his substantial rights and "seriously affects the fairness, integrity, and public reputation of the judicial proceedings." Id.

Accordingly, we vacate Ellis' sentence and remand to the district court with direction to follow the dictates of application note 2 to U.S.S.G. § 5G1.3(b) in resentencing him. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED